UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>R. DAY,<br><br>        Defendant. | Case No. 21-cv-02133-PJH<br><br>**ORDER REOPENING CASE AND FOR PLAINTIFF TO SHOW CAUSE**<br><br>Re: Dkt. No. 7 |

    Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The case was dismissed without prejudice due to plaintiff's failure to file an application to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. Plaintiff has filed a motion to proceed IFP and seeks to reopen this case.

    The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id*. (internal quotation marks omitted).

*Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Andrews*, 398 F.3d at 1121. *Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Andrews*, 398 F.3d at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least three strikes pursuant to § 1915(g):

1. *Bradford v. Terhune*, No. 04-5496 AWI DLB (E.D. Cal.), dismissed for failure to state a claim. Docket Nos. 17, 18.

2. *Bradford v. Terhune*, No. 04-5261 LJO SMS (E.D. Cal.), dismissed for failure to state a claim. Docket Nos. 34, 35.

3. *Bradford v. Grannis*, No. 05-0862 FCD DAD SAB (E.D. Cal.), dismissed as frivolous and for failure to state a claim. Docket Nos. 12, 14.

4. *Bradford v. Attorney General of California*, No. 18-3249 JAM EFB (E.D. Cal.), dismissed for failure to state a claim. Docket Nos. 22, 24.

The judgment in this case (Docket No. 4) is **VACATED** and the clerk shall **REOPEN** the case. Plaintiff shall show cause by **March 28, 2022**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied. While plaintiff appears to concede that he is three strikes barred in his filings, pursuant to *Andrews* he will still be provided an additional opportunity to contest the strike cases noted above or present further arguments regarding imminent danger. He may also choose not to submit additional filings. In the alternative to showing cause why the action should not be dismissed, plaintiff may avoid dismissal by paying the full $402.00 filing fee by the deadline. Plaintiff's motion to file a supplemental complaint (Docket No. 7) is **GRANTED** and the court will consider the filing.

1 **IT IS SO ORDERED.**

2 Dated: March 4, 2022

4 /s/ Phyllis J. Hamilton
5 PHYLLIS J. HAMILTON
United States District Judge