UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, <br>     Plaintiff, <br> v. <br> R. DAY, <br>     Defendant. | Case No. 21-cv-02133-PJH <br><br> **ORDER OF DISMISSAL** <br> Re: Dkt. No. 8 |

    Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court ordered plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    The prior order identified four dismissals that appeared to count under § 1915(g) and ordered plaintiff to show cause why pauper status should not be denied, and the action should not be dismissed. The order further stated that plaintiff also could avoid dismissal by paying the filing fee by the deadline.

    Plaintiff has filed a response but has failed to sufficiently challenge the validity of any of the strikes found by the court. Plaintiff also argues that he was under imminent danger of serious physical injury. The plain language of the imminent danger clause in §

1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The conditions that existed at some earlier or later time are not relevant. *See id*. at 1053 & n.5. The Ninth Circuit recently held that "in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, No. 19-17093, 2022 WL 1073697, at *7 (9th Cir. 2022).

      Plaintiff filed an original complaint (Docket No. 1) and then recently an amended complaint (Docket No. 7). The court has reviewed both complaints and plaintiff's arguments why he was in imminent danger. Plaintiff filed the original and amended complaints while being held at the California Health Care Facility. The claims in the complaints relate to incidents that occurred while plaintiff as at Salinas Valley State Prison. Plaintiff alleges that staff failed to protect him, denied him medical care, used excessive force against him and denied him access to the courts.

      Plaintiff argues that he was under imminent danger due to his severe underlying health conditions which also deny him access to the courts. Docket No. 10 at 2. While plaintiff lists his various ailments, he has failed to discuss how he is in imminent danger from them. Furthermore, plaintiff filed this case while at California Health Care Facility and he has not described how he was in danger at that facility. If plaintiff was in danger at that facility, he has failed to show how the imminent danger was traceable to the conduct alleged in the complaint.

      With respect to interference with access to the courts, the court notes that in the last four years plaintiff has filed and litigated nine cases in this court, eleven cases in the Eastern District of California, eight cases in the Central District of California and seven cases in the Southern District of California. It appears that plaintiff can adequately access the courts.

In prior filings in this case, plaintiff has also alleged that he was in imminent danger due to an ongoing conspiracy by prison officials and guards to murder him and he has been repeatedly attacked. Docket No. 7 at 5. While plaintiff's allegations of excessive force by guards who are part of the conspiracy is troubling, plaintiff has repeatedly presented the same allegations of assaults by guards and a conspiracy to murder him for the last several years. *See, e.g., Bradford v. Garcia*, Case No. 21-cv-1164 (N.D. Cal.); *Bradford v. Lemon*, Case No. 21-cv-1162 (N.D. Cal.) *Braford v. Prison Law Office*, Case No. 19-cv-1910 PJH (N.D. Cal.); *Bradford v. Peralta*, Case No. 19-1222 CAB BGS (S.D. Cal.); *Bradford v. E. Jordan*, Case No. 18-cv-2099 CMK (E.D. Cal.). In light of the similar general and conclusory allegations for many years, the court finds that plaintiff has failed to plausibly show that he was under imminent danger of serious injury due to a conspiracy.

Each of the four earlier dismissals identified in the order to show cause counts as a dismissal for § 1915(g) purposes. Plaintiff has not paid the filing fee, has not shown that any of the prior dismissals could not be counted under § 1915(g), and has not shown that he was under imminent danger of serious physical injury at the time he filed this action, and has not otherwise shown cause why this action could not be dismissed. For the foregoing reasons, plaintiff's in forma pauperis application (Docket No. 8) is **DENIED**. This action is **DISMISSED** for failure to pay the filing fee. The dismissal is without prejudice to plaintiff asserting his claims in a new complaint for which he pays the full filing fee at the time he files that action.

**IT IS SO ORDERED.**

Dated: April 25, 2022

      /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge