UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD,

　　　　Plaintiff,

　　v.

R. DAY,

　　　　Defendant.

Case No. 21-cv-02133-PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 15

　　　　Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The case was dismissed on April 25, 2022, after plaintiff's motion to proceed in forma pauperis was denied pursuant to 28 U.S.C. § 1915(g) which provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury".  Plaintiff was also provided an opportunity to pay the full filing fee, but no fee was submitted.  Plaintiff has filed a motion for reconsideration that the court construes as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

　　　　Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  *See* Fed. R. Civ. P. 60(b).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence

could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

In this motion, plaintiff does not raise new arguments or present new evidence that was not available to him before regarding the denial of his in forma pauperis application.  To the extent that money was stolen from him that could have been used to pay the filing fee, he may file a new case in the district where that occurred presenting those allegations.  However, those allegations do not allow for this case to be reopened.  Plaintiff is three strikes barred and was not under imminent danger of serious physical injury when he filed this case.  The motion for relief from the judgment (Docket No. 15) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 22, 2023

                                                 /s/ Phyllis J. Hamilton
                                                 PHYLLIS J. HAMILTON
                                                 United States District Judge